**JELLISON LAW OFFICES, PLLC**
36889 North Tom Darlington Drive
Suite B7, Box 2800, #304
Carefree, AZ 85377
Telephone: (480) 659-4244
Facsimile: (480) 659-4255
E-mail: jim@jellisonlaw.com
JAMES M. JELLISON, ESQ. #012763
Attorney for the Sahuarita Defendants

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Freedom Christopher Austin Pfaendler,<br><br>   Plaintiff,<br>vs.<br><br>Town of Sahuarita, *et. al.*,<br><br>   Defendants. | Case No.: 4:20-cv-00188-JGZ-PSOT<br><br>**SAHUARITA DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>**(Oral Argument Requested)** |

Plaintiff must supply the contextually specific, clearly established law allegedly violated in order to deprive a public official of his or her entitlement to qualified immunity. *Shafer v. Cty. of Santa Barbara,* 868 F.3d 1110, 1118 (9th Cir. 2017). And, the Ninth Circuit has made clear that each defendant is entitled to an "individualized analysis" of qualified immunity. *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000). Instead of addressing the alleged conduct of each individual person and presenting qualifying, clearly established law he asserts was violated, Plaintiff lumps all the named individuals together, ascribes conduct (or knowledge) to individuals that is not alleged, and, fails to identify clearly established law, as to each individual, that has been allegedly violated.

Contrary to Plaintiff's analytical approach, the Supreme Court "has repeatedly told courts ... not to define clearly established law at a high level of generality." *Kisela v. Hughes,* 138 S.Ct. 1148, 1152 (2018) (internal quotation marks omitted). The Court has recently made clear that conformity with this analytical framework is necessary:

1

> Specificity is especially important in the Fourth Amendment context, where the Court has recognized that it is sometimes difficult for an officer to determine how the relevant legal doctrine, here excessive force, will apply to the factual situation the officer confronts. Use of excessive force is an area of the law in which the result depends very much on the facts of each case, and thus police officers are entitled to qualified immunity unless existing precedent squarely governs the specific facts at issue....

*City of Escondido, Cal. v. Emmons*, 139 S.Ct. 500, 503-04 (2019).  In *Emmons,* the Court described the lower court's analytical error this way: "[t]he Court of Appeals should have asked whether clearly established law prohibited the officers from stopping and taking down a man in these circumstances." 139 S.Ct. at 503-04.  In his Response, Plaintiff has not asked or answered the question posed by the *Emmons* Court as it would apply to the facts and claims in his Complaint.  In short, Plaintiff fails to identify clearly established law that has been allegedly violated by any individually named Defendant, and they are entitled to qualified immunity on Plaintiff's constitutional claims.  Before addressing the defenses substantively, however, a comment on Plaintiff's distortion of the standard of review is appropriate.

### I.    **<u>PLAINTIFF ARGUES AN INCORRECT STANDARD OF REVIEW.</u>**

Plaintiff does not dispute that the Supreme Court's pleading standard in *Iqbal* applies to §1983 and state law claims.  Plaintiff argues, however, that this Court is not confined to the well-pled facts, but may deny a motion to dismiss by resorting to ill-defined and vaguely identified "reasonable inferences."  A case relied on by Plaintiff, *Starr v. Baca,* 652 F.3d 1202 (9th Cir. 2011), is instructive on the quantum of fact allegations necessary to allege plausible claims:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations *of underlying facts* to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true

must plausibly suggest an entitlement to relief, such that it is not unfair to requite the opposing party to be subjected to the expense of discovery and continued litigation.[1]

*Id.* at 1216 (emphasis added). Accordingly, "the tenet that a court must accept as true all of the allegations contained in a complaint ..." does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Telesaurus VCP, LLC v. Power*, 623 F.3d. 998, 1003 (9th Cir. 2010). And, the court "cannot assume any facts necessary to [the plaintiffs'] ... claim that they have not alleged." *Jack Russell Terrier Network of Northern Calif. v. American Kennel Club, Inc.*, 407 F.3d 1027, 1035 (9th Cir. 2005). So, although Plaintiff speaks in terms of "reasonable inferences," the Supreme Court speaks in terms of plausible claims, reliance on well-pled facts, and avoiding assuming facts not alleged. Conclusory, threadbare, and incomplete allegations do not suffice to state a plausible claim, and certainly not one that overcomes absolute or qualified immunity.

## II. PLAINTIFF FAILS TO SHOW A VIOLATION OF CLEARLY ESTABLISHED LAW AS TO FORMER SAHUARITA POLICE OFFICER JOHN GEORGE.

*Unlawful Arrest*

Under Arizona law, "[a] person commits criminal trespass in the second degree by knowingly entering or remaining unlawfully in or on any nonresidential structure or in any fenced commercial yard." A.R.S. § 13-1503(A). Plaintiff's Complaint alleges the Walmart manager informed officers, including Officer George, that he had approached Plaintiff and asked him to remove his helmet in the store; Plaintiff ignored the request to remove his helmet; the manager followed Plaintiff around the store attempting to get his attention; and ultimately

---

[1] Plaintiff's Response notes in several places that there may be facts he is unaware of because discovery has not yet commenced. However, until a plausible claim has been alleged, a plaintiff is not entitled to engage in discovery, *Starr, supra*. Likewise, a defendant entitled to qualified immunity should not be exposed to the burdens and expense of discovery. *See, Siegert v. Gilley*, 500 U.S. 226, 236 (1991) (Kennedy, J. concurring in the judgment).

demanded that Plaintiff leave the store - which demand was also ignored. (Doc. 1, ¶¶ 33-35). Police can rely on a single victim witness when she "provides facts sufficiently detailed to cause a reasonable person to believe a crime had been committed and the named suspect was the perpetrator." *Peng v. Mei Chin Penghu*, 335 F.3d 970, 978 (9th Cir. 2003); *see also Martinez v. Simonetti,* 202 F.3d 625, 634 (2nd Cir. 2000) ("[i]t is well-established that a law enforcement official has probable cause to arrest if he received his information from some person, normally the putative victim or eyewitness."). Even Plaintiff's Response concedes that probable cause may be based on the account of a single eyewitness, even if there are internal discrepancies in that witness' account. *See,* Doc. 23, pg. 3, nt. 2, citing *Lallemand v. Univ. of Rhode Island,* 9 F.3d 214 (1st Cir. 1993).

The statements of a store manager or property owner that a person who was instructed to leave has nonetheless remained on premises has routinely been held to support probable cause, or arguable probable cause,[2] for arrest on the crime of trespass. *See, Blankenhorn v. City of Orange,* 485 F.3d 463, 472-73 (9th Cir. 2007) (probable cause established where officers informed by property owner that plaintiff had been trespassed but remained on property); *Johnson v. McCarver,* 942 F.3d 405 (8th Cir. 2019)[3] (arguable probable cause exists where

---

[2] Plaintiff's Response ignores that *arguable* probable cause is the operative standard in determining whether to apply qualified immunity to an unlawful arrest claim. *See Henry v. Bank of America Corp.,* 522 Fed.Appx. 406, 408 (9th Cir. 2013).

[3] The two cited 2019 decisions post-date the event in question. That does not make them any less important to show that the law remains in favor of the Sahuarita Defendants. To be sure, on the issue of clearly established law, "a reasonable officer is not required to foresee judicial decisions that do not yet exist in instances where the requirements of the Fourth Amendment are far from obvious." *Kisela*, 138 S. Ct. at 1154. However, it is not the Defendants' burden to show clearly established law. *Shafer, supra.* The Officers here need only show that the constitutional question implicated by the alleged conduct remains subject to debate in the courts. *Washington v. City of Los Angeles*, 791 F. Appx. 683 (9th Cir. 2020). Logically, that can be shown through reported decisions that both pre- and post-date the subject event.

4

nightclub security informed officers they had asked suspect to leave the premises, and he refused); *Defrates v. Podany,* 789 Fed.Appx. 427, 431 (5th Cir. 2019) (arguable probable cause where officers were aware a trespass warning was given and were told the suspect returned to the property, even though suspect claimed he was going to get a drink of water and had done nothing wrong); *Russell v. The Journal News,* 672 Fed.Appx. 76, 80 (2nd Cir. 2016) (arguable probable cause shown where property owner showed police a trespass letter they alleged was given to suspect, who later returned to the property).

In his Response, Plaintiff first argues that the store manager's account of events "lacked credibility" because his story changed throughout the interaction with officers and he is alleged to be "emotionally unhinged." *See,* Doc. 23, pg. 3, lls. 3 – 8. Plaintiff's Complaint belies these arguments. First, there is nothing inconsistent about the manager's alleged report to police that he asked Plaintiff to remove his helmet but was ignored, followed Plaintiff around the store in an attempt to get his attention, and ultimately demanded Plaintiff leave the store only to be ignored. *See,* Doc. 1, ¶¶ 33-35. These different observations are not inconsistent, and certainly do not reflect a "changed" version of events. Second, the Complaint does not refer to the Walmart manager as "unhinged," but, rather, increasingly "histrionic"[4] as he conveyed his version of events to the Officers. *See,* Doc. 1, ¶ 34. Ultimately, however, Plaintiff concedes that internally inconsistent statements from a reporting victim do not negate probable cause. Doc. 23, nt. 2, citing, *Lallemand, supra.* Whether the Walmart store manager actually told Plaintiff to leave the store is not the material question; rather, what is important is that the Walmart store manager reported that as fact to the Officers. *See, e.g., Granito v. Tiska,* 120 Fed.Appx. 847, 850 (2005) ("[i]n determining that Tiska had arguable probable cause, we

---

[4] Overly theatrical or melodramatic in character or style; but not deceptive or un-credible.

note that – regardless of whether Hrazanek had, in fact, ever told Granito to stay off the property – Hrazanek told Tiska that he had done so").

Plaintiff next argues that Plaintiff's version was that his helmet prevented him from hearing the store manager, and the Officers did not give that version due credit. *See,* Doc. 23, pg. 3, lls. 9 – 15.  Again, Plaintiff's Response accepts that the Officers were not constitutionally obligated to credit Plaintiff's version over the complaining party.  Doc. 23, pg. 3, lls. 12-15. Indeed, the Complaint alleges that when Officer George got closer to Plaintiff and raised his voice, Plaintiff was able to hear Officer George even though he was still wearing the helmet. Doc. 1, ¶ 30.  In making this argument, Plaintiff not only ignores his own fact allegations, but also ignores the principle that "[o]nce probable cause has been established, a law enforcement officer is not 'required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent.'" *Broam v. Bogan,* 320 F.3d 1023, 1032 (9th Cir. 2003).   And, contrary to Plaintiff's arguments, Plaintiff's *ability* to hear Officer George is inconsistent with his claimed *inability* to hear the Walmart store manager.

Finally, Plaintiff argues that the Officers should have reviewed the Walmart surveillance footage prior to making an arrest decision.  *See,* Doc. 23, pg. 4, lls. 7 – 16.[5]  Again, however, once probable cause has been established, there is no constitutional duty to investigate further before making an arrest. *Broam, supra.*  Plaintiff relies solely on the Fourth Circuit's decision in *Clipper v. Takoma Park,* 876 F.2d 17 (4th Cir.1989).  There, the Fourth Circuit held that a law enforcement officer's failure to pursue an easily obtainable piece of information that could completely exculpate a suspect weighed heavily against a finding that the officer's conduct was

---

[5] Plaintiff makes some gratuitous arguments about Officer George's alleged colorful language directed at Plaintiff, but provides no argument or authority that the language is an issue of constitutional dimension.

reasonable. However, *Clipper* does not hold that further investigation is *required*, and is decided on a markedly different set of facts. Instead, the *Clipper* decision found that the officer's failure to further investigate given the officer's knowledge that information upon which he was relying was speculative provided a sufficient evidentiary basis for a jury verdict in the plaintiff's favor. Accordingly, *Clipper* does not support Plaintiff's argument that probable cause was lacking at the time of his arrest simply because the Officers did not review store surveillance footage before making the arrest. Indeed, even in the Fourth Circuit, although an officer may not disregard readily available exculpatory evidence of which he is aware, the failure to pursue a potentially exculpatory lead is not sufficient to negate probable cause. *Smith v. Reddy,* 101 F.3d 351, 357 (4th Cir. 1996). The issue with the surveillance footage here is much closer to *Reddy,* than the situation addressed in *Clipper.*

Although Plaintiff makes a cursory argument that no reasonable officer could have found probable cause for the crime of disorderly conduct, he does not support that argument with an analysis of the facts alleged in the Complaint, the elements of the statute, or any citation to clearly established law. Indeed, this is where Plaintiff fails completely in his Response on the issue of qualified immunity. Neither *Lallemand* nor *Clipper* are sufficient to answer the question of whether Plaintiff's arrest upon the information from the Walmart store manager sufficiently shows a violation of clearly established law as that terms is defined by the Supreme Court. Indeed, a single case from the Fourth Circuit – as a matter of law – is insufficient to provide clearly established law for an officer in the Ninth Circuit. "Clearly established" means that, at the time of the officer's conduct, the law was sufficiently clear that *every* reasonable official would understand that what he is doing "*is unlawful.*" *D.C. v. Wesby*, 138 S. Ct. 577, 589 (2018) (emphasis added). To provide that kind of notice, precedent must be "'controlling'—from the Ninth Circuit or the Supreme Court—or otherwise be embraced by a

'consensus' of courts outside the relevant jurisdiction," *Sharp v. Cty. of Orange*, 871 F.3d 901, 911 (9th Cir. 2017), quoting *Wilson v. Layne*, 526 U.S. 603, 617 (1999).

*Post-Arrest Search*

Plaintiff's Complaint does not allege Officer George was involved in a post-arrest search of Plaintiff, and his Response offers no clearly established law that was violated by George.

*Malicious Prosecution as a Constitutional Claim*

Plaintiff's Response makes no argument that Officer George engaged in a malicious prosecution in violation of the Constitution, or violated clearly established constitutional law.

*Fifth and Fourteenth Amendment Due Process Regarding Reasonable Investigation*

While the Eighth Circuit recognized a "substantive due process cause of action for reckless investigation," *Amrine v. Brooks,* 522 F.3d 823, 833 (8th Cir.2008), the Ninth Circuit has not recognized a constitutional violation labelled as such. *See, e.g., Tennison v. City and Cty. of San Francisco,* 570 F.3d 1078, 1090 (9th Cir. 2009). What the Ninth Circuit does recognize is that police have a constitutional duty to refrain from intentionally withholding material, exculpatory evidence. *Carrillo v. County of Los Angeles,* 798 F.3d 1210, 1228 (9th Cir. 2015). Similarly, in *Devereaux v. Abbey*, 263 F.3d 1070 (9th Cir. 2001), the Ninth Circuit recognized that the deliberate fabrication of evidence may serve as a basis for a due process claim. As the Sixth Circuit noted, a plaintiff's due process claims cannot survive a motion to dismiss to the extent they are premised on an alleged improper investigation. *See Mitchell v. McNeil*, 487 F.3d 374, 376-77 (6th Cir. 2007). In *Mitchell*, the court held that the plaintiff could not state a viable substantive due process claim based on the defendant officers' alleged failure to adequately investigate an accident in which the plaintiff's child died after being struck by the personal vehicle of a police officer being driven by a police informant. *Id.* at 378-79. The court reasoned, correctly: "There is no statutory or common law right, much less a constitutional right, to an investigation." *Id.* at 378

In this case, Plaintiff fails to state a plausible, or even cognizable claim. To the extent Plaintiff asserts only a "reckless investigation," that is not a cognizable, constitutional claim.[6] To the extent Plaintiff claims a *Brady*-type violation, his Complaint alleges neither the withholding of material, exculpatory evidence, the intentional fabrication of evidence, nor a conviction based on such evidence. Plaintiff has not shown Officer George violated clearly established law. Both *Armine* and *Tennison* are decided on completely different facts, and discuss principles of law only at the highest levels of generality.

### III. PLAINTIFF FAILS TO SHOW A VIOLATION OF CLEARLY ESTABLISHED LAW AS TO SAHUARITA POLICE OFFICERS RIVERA, VILLANUEVA, AND COLLIER.

Neither Plaintiff's Response nor his Complaint specifically discuss Sahuarita Officers Rivera, Villanueva, or Collier, other than to allege in the Complaint that they responded to the Walmart. Doc. 1, ¶ 26. This is insufficient to plausibly plead a constitutional claim, much less conduct that plausibly shows a violation of clearly established law. *See, Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir. 1998) ("[t]o overcome qualified immunity, a plaintiff "must allege facts, not simply conclusions, that show that *an individual was personally involved* in the deprivation of his civil rights"). To be complete, however, these Defendants also incorporate the arguments raised on behalf of Officer George.

What Plaintiff does argue is that the "officers who responded to the scene," are alleged to have constitutional liability based on the "integral participant" theory. First, the U.S. Supreme Court has never recognized the "integral participant" theory of constitutional liability and the

---

[6] Nor can the claim be sustained under the Fifth or Fourteenth Amendments. The Due Process Clause of the Fifth Amendment applies only to actions of the federal government—not to those of state or local governments. *Schweiker v. Wilson,* 450 U.S. 221, 227 (1981); *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001). The Fourteenth Amendment does not provide protection against a criminal prosecution without probable cause, *Albright v. Oliver,* 510 U.S. 266, 268 (1994).

theory actually runs counter to U.S. Supreme Court jurisprudence in *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009) ("a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Second, Plaintiff has failed to plead a plausible claim of constitutional liability on the integral participation theory that withstands the application of qualified immunity. Similar to the fact allegations of this case, in *Torres v. City of Los Angeles*, the Ninth Circuit found that a detective was *not* an integral participant in an allegedly unlawful arrest, in part because she "was not present [at the arrest], and there is no evidence that [she] instructed the other detectives to arrest [the plaintiff] or that any of those detectives consulted with her before making the arrest." 548 F.3d 1197, 1206 (9th Cir. 2008). Even assuming – and in the absence of any well-pled fact allegations - that other officers were "integral participants," that theory of liability is not sustainable where all of the involved officers are entitled to qualified immunity because no clearly established law was violated. *Boyd v. Benton,* 374 F.3d 773, 784 (9th Cir. 2004).

### IV. PLAINTIFF'S ASSERTION OF EQUITABLE RELIEF DOES NOT PRECLUDE THE COMPLETE DISMISSAL OF ALL INDIVIDUALS FROM THE FEDERAL CLAIMS.

Plaintiff seeks declaratory relief to have this Court label past conduct as a constitutional violation, and equitable relief directed at the Town to institute additional policies and training. Although applying qualified immunity eliminates claims for damages, the assertion of declaratory or equitable relief does not keep the individual Officers in this case on the federal claims if qualified immunity is applied. First, any relief mandating additional policies or training is directed at the Town, and there are no allegations that former Officer George, or current Officers Rivera, Villanueva, or Collier have the ability to institute such prospective relief. As for declaratory relief, when it "will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from uncertainty and controversy faced by the parties," it should be denied. *U.S. v. Washington,* 759

F.2d 1353, 1357 (9th Cir. 1985).  When there is no ongoing violation, "[t]he issuance of a declaratory judgment ... would have much the same effect as a full-fledged award of damages or restitution" and, is barred. *Green v. Mansour,* 474 U.S. 64, 73 (1986).  Here, there is no ongoing violation involving the individual Officers, and there is no useful purpose in clarifying or settling the legal relation between them and Plaintiff vis-à-vis the federal claims.

### V. PLAINTIFF FAILS TO ARGUE WELL-PLED FACTS OR LAW SUPPORTING A *MONELL* CLAIM.

In his Response, Plaintiff does not even pretend to have pled a plausible *Monell* claim against the Town arising from policy, custom, or practice.  *See,* Doc. 23, pg. 7, lls. 14-23. Instead, Plaintiff blames his situation on the affirmative initiation of active shooter training by the Town.  The failure to train claim, however, is a claim based on inaction and indifference, not the affirmative institution of a training program.  More than that, the idea that active shooter training – a necessity in our world today – caused unconstitutional consequences for Plaintiff is simply not plausible. *Case v. Kitsap Cty. Sheriff's Dep't*, 249 F.3d 921, 932 (9th Cir. 2001) ("[N]or can [municipal] liability be predicated on the isolated sporadic events ...."); *see also, McFarland v. City of Clovis*, 163 F.Supp.3d 798, 806 (E.D. Cal. 2016) ("Alleging that training is 'deficient' or 'inadequate' without identifying a specific inadequacy is conclusory and does not support a plausible claim.").

### VI. PLAINTIFF FAILS TO ARGUE PLAUSIBLY PLED STATE LAW CLAIMS.

Plaintiff's Response makes no effort to show any state law claim has been plausibly pled.  While Plaintiff does make factual arguments about Lt. Almodova's alleged statements to the media, he does so for purposes of promoting a non-claim (false light invasion of privacy), rather than the pled claim (defamation).  Because he fails to make any argument that his existing state law claims have been plausibly pled, they must be dismissed.

## VII. CONCLUSION.

For all of the reasons above and those contained in the original Motion to Dismiss, Plaintiff's Complaint must be dismissed in its entirety as to the Sahuarita Defendants.

DATED this 28th day of August, 2020.

JELLISON LAW OFFICES, PLLC


By: s/ James M. Jellison
*Attorneys for the Sahuarita Defendants*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on August 28, 2020, I electronically transmitted the attached document to the Clerk's office using the CM/ECF system for filing and to the following registrant:

Richard Wintory
1 South Church Avenue, Ste. 1200
Tucson, Arizona 85701
Richard.Wintory@nextchapterlaw.com
*Attorney for Plaintiff*


s/James M. Jellison