**JELLISON LAW OFFICES, PLLC**
36889 North Tom Darlington Drive
Suite B7, Box 2800, #304
Carefree, AZ 85377
Telephone: (480) 659-4244, ext. 2
Facsimile: (480) 659-4255
E-mail: jim@jellisonlaw.com
JAMES M. JELLISON, ESQ. #012763
Attorney for Defendants

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Freedom Christopher Austin Pfaendler,<br><br>  Plaintiff,<br>vs.<br><br>Town of Sahuarita, John George, Joseph A. Rivera, Jess Villanueva, Shannon Collier, and Samuel Almodova,<br><br>  Defendants. | Case No.:  4:20-cv-00188-JCH<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |

Defendants, through counsel undersigned, respectfully submit their Response to Plaintiff's Motion for Leave to File First Amended Complaint, requesting that Plaintiff's Motion be denied.

Fed.R.Civ.P. 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Otherwise, "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2).  Plaintiff's proposed amended complaint is beyond the 21-day period after the filing of Defendants' Rule 12(b) motion and, thus, requires leave of court.

No doubt, early motions for leave to amend are freely given when justice so requires, with liberal construction of the rule.  Fed.R.Civ.P. 15(a)(2); *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).  This free and liberal approach is not

without limitation. Dismissal without leave to amend is not an abuse of discretion where the proposed amendment would be futile. *Id.; see also, Chappel v. Lab. Corp.*, 232 F.3d 719, 725-26 (9th Cir. 2000). Futility applies where, even with amendment, the plaintiff is unable to state a viable claim. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 339 (9th Cir. 1996). Futility of the amendment, alone, merits denial of the Motion under Rule 15. *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004).

Notwithstanding Rule 15's liberal allowance of amended pleadings, where the amendment fails to meet the plausible claim standard and remains subject to dismissal, it should be disallowed. The proposed amended complaint does not cure the deficiencies noted in this Court's amended dismissal Order (Doc. 26), nor does it independently state plausible claims for relief. Accordingly, the filing of the amended complaint is futile, and should be disallowed.

> A. *Plaintiff's Proposed Amended Complaint Fails to Overcome the Facially-Pled Probable Cause that Eliminates Any Claim for False Arrest, Illegal Search, or Malicious Prosecution*

Plaintiff's first set of proposed amendments involve the alleged perceptions of the 911 dispatchers, and a conclusory statement regarding the Walmart manager's alleged "ever-changing description of his supposed interaction with Plaintiff." (Doc. 27-1, ¶¶ 26-28; 41; 72). First, the alleged perceptions of the 911 dispatchers are immaterial to the probable cause provided by the Walmart manager's direct reporting to law enforcement. Second, the conclusory statements concerning the Walmart manager's "ever-changing description[s]" are insufficient to alter this Court's ruling that "Plaintiff's allegations are too vague to support a conclusion that the store manager's information was not trustworthy such that a prudent officer could not believe Plaintiff had committed a crime." (Doc. 26, pg. 7 of 18, lls. 11 – 13). On this latter point, it has been long-established that conclusory allegations such as this are insufficient to render plausible an implausibly alleged claim. *Ashcroft v. Iqbal,* 556 U.S. 662, 674 (2009); *Sanders v. Brown,* 504 F.3d 903, 910 (9th Cir. 2007). Probable cause – which

remains pled on the face of the proposed amended complaint – still serves to eliminate any claim where probable cause is an absolute defense, including Plaintiff's federal and state law claims for false arrest, illegal search, and malicious prosecution.  (Doc. 26, pgs. 6-11, 14 of 18).

### B. Plaintiff's Proposed Amended Complaint Fails to Allege Additional Facts That Would Change This Court's Ruling on Plaintiff's Failure to Reasonably/Thoroughly Investigate Claim

Plaintiff's second set of proposed changes alleges that Walmart's video surveillance footage would have been readily available to Defendants and then, in pure conclusory fashion, alleges that Defendants would have known of the availability of the surveillance footage since Walmart "is one of the biggest employers" in the community.  (Doc. 27-1, ¶¶ 44, 45).   There is, however, no allegation that either Walmart or the Plaintiff suggested that the surveillance footage would dispute the manager's account, or made a request that law enforcement personnel review the footage because it might tend to exculpate Plaintiff of the trespass allegation.  (*Id.*).  This Court has already, correctly, ruled that Defendants had no "affirmative duty to [] plaintiff to investigate a crime in a particular way," that the alleged "failure to investigate a crime does not rise to the level of a violation of any constitutional rights," and that, in any event, the failure to plausibly state an underlying constitutional claim results in a necessary failure "to state a constitutional claim based on the adequacy of Defendants' investigation." (Doc. 26, pgs. 11-12 of 18).

### C. Plaintiff's Singular Assertion That Lt. Almodova Cited Active Shooter Training To Explain the Officers' Reaction to the Situation Does Not Transform An Implausibly Pled Failure to Train Case into a Plausibly Pled Claim.

Plaintiff's proposed amended complaint adds the allegation that "Lt. Almodova specifically cited [for the news article] the active shooter training when explaining the officers' reaction to the situation that resulted in Plaintiff's unconstitutional arrest and prosecution" in

support of his Failure to Train and/or Supervise claim. (Doc. 27-1, ¶ 107). But, this Court has already held that providing active shooter training does nothing to show insufficient training. (Doc. 26, pgs. 13-14 of 18).  First, even with this allegation, the claim fails because the amended complaint still states, on its face, facts supporting probable cause – an absolute defense to claims for unconstitutional arrest and prosecution. *See, City of L.A. v. Heller,* 475 U.S. 796, 799 (1986) (per curiam) (municipalities cannot be held liable when their officials have inflicted no constitutional injury); *Yousefian v. City of Glendale*, 779 F.3d 1010, 1016 (9th Cir. 2015) (same).  Second, the allegation simply does not cure the deficiency already recognized by this Court – namely, how a failure to train claim can be plausibly be supported by a municipality's decision to provide additional training to its personnel. (Doc. 26, pgs. 13-14 of 18).

> ### D. Plaintiff's Additional Allegations Regarding Lt. Almodova Are Insufficient to Transform Plaintiff's Implausible Defamation Claim Into a Plausible False Light Invasion of Privacy Claim

Although Plaintiff's LRCiv. 15.1 "strike-outs" do not show it – Plaintiff attempts to transform his Count IX Defamation claim into a Count IX False Light Invasion of Privacy claim.  Plaintiff seeks to do this by citing purely conclusory statements that Lt. Almodova "caused information to be published about [Plaintiff], a private citizen, that painted him in a false light" and that he provided information to the "news media in reckless disregard of the falsity of the information." (Doc. 27-1, ¶¶ 118-119).

False light invasion of privacy is recognized in Arizona as a tort separate from defamation. *See Godbehere v. Phoenix Newspapers, Inc.,* 162 Ariz. 335, 340 (1989). The distinction between defamation and false light invasion of privacy is, however, subtle. *Id.*  To establish a claim for false light invasion of privacy, a plaintiff must show (1) the defendant, with knowledge of falsity or reckless disregard for the truth, gave publicity to information placing the plaintiff in a false light, and (2) the false light in which the plaintiff

was placed would be highly offensive to a reasonable person in the plaintiff's position. *Id.* at 338, 340 (quoting Restatement § 652E).   The only allegation that Plaintiff offers to support this claim is that Almodova, in some way, either "likened Plaintiff to a copycat mass shooter," (Doc. 27-1, ¶ 62), or "intimated that Plaintiff was a copycat mass shooter." (Doc. 27-1, ¶ 118). This allegation lacks factual content and, like others offered by Plaintiff, are mere conclusions that do not state a plausible claim. *See, Iqbal, supra.; Sanders, supra.*   Additionally, the news article referenced by Plaintiff does not liken Plaintiff to a "copycat mass shooter," or even intimate he is one; but was a comment on how he, Almodova, responded to the Walmart report: "Just a strange call … after this weekend [of the El Paso mass shooting], people had more of a heightened sense."  "You never know when you are going to start having copycats . . . I was on during this time and heard the radio traffic … my sense of awareness went up."   (Doc. 18-2).

### E.  Plaintiff's Amendments Have No Impact on This Court's Ruling Regarding Intentional Infliction of Emotional Distress

None of the limited facts and conclusions incorporated into the proposed amended complaint change the basic facts of what occurred on August 6, 2019, and the resulting prosecution.   Plaintiff's additions do nothing to alter this Court's ruling that "Plaintiff alleges no facts to support a conclusion that Defendants intended to cause emotional distress or recklessly disregarded the near certainty that such distress would result from their conduct." (Doc. 26, pg. 17 of 18).

### F.  Conclusion

Plaintiff's proposed amended complaint is something of a curiosity – it does not remove allegations that support probable cause and adds nothing but irrelevant facts or conclusory allegations.  It is futile precisely because it adds nothing that changes this Court's December 18, 2020 Amended Order.   Plaintiff's Motion, therefore, should be denied.

DATED this 19th day of January, 2021.

JELLISON LAW OFFICES, PLLC

By: s/ James M. Jellison
James M. Jellison
*Attorneys for Defendants*

CERTIFICATE OF FILING AND SERVICE

I hereby certify that on January 19, 2021, I electronically transmitted the attached document to the Clerk's office using the CM/ECF system for filing and for service on the following registrants:

Richard M. Wintory
1 South Church Avenue, Suite 1200
Tucson, Arizona 85701
Richard.Wintory@nextchapterlaw.net
*Attorney for Plaintiff*

s/James M. Jellison