# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Freedom Christopher Austin Pfaendler,<br><br>Plaintiff,<br><br>v.<br><br>Town of Sahuarita, et al.,<br><br>Defendants. | No. CV-20-00188-TUC-JCH<br><br>**ORDER** |

Before the Court is Defendant Samuel Almodova's Motion to Dismiss (Doc. 32). No opposition has been filed and the time for filing an opposition has passed.[1] As explained below, the motion will be granted.

## I. BACKGROUND

This lawsuit arises out of Plaintiff's August 6, 2019 visit to the Walmart in Sahuarita, Arizona that resulted in his arrest for disorderly conduct. *See* Doc. 29. On September 15, 2021, the Court entered an Order granting in part and denying part Plaintiff's motion seeking leave to file an amended complaint. *Id*. On September 27, 2021, Plaintiff filed his Amended Complaint. (Doc. 30.) On October 12, 2021, Defendants filed their Answer and Defendant Samuel Almodova ("Almodova") filed the instant motion to dismiss. (Docs. 31, 32.)

Almodova seeks dismissal on the grounds that the Court dismissed Plaintiff's claims for false light invasion of privacy and intentional infliction of emotional distress in

---

[1] Defense counsel filed a certificate of conferral as required by LRCiv 12.1. (Doc. 32-1.)

violation of Arizona law when it granted Plaintiff leave to file an Amended Complaint. (Doc. 32 at 1.) Almodova points out that these two claims were the only causes of action alleged against him in the Amended Complaint. (Doc. 32 at 1.) He explains that while these dismissed claims were the only claims asserted against him, he is still named as a Defendant in the Amended Complaint. *Id*. Accordingly, he requests dismissal from this action based on Plaintiff's failure to allege a plausible claim against him. *Id*. at 2.

## II. LEGAL STANDARD

Rule 12(b)(6), Fed. R. Civ. P., authorizes dismissal of a complaint or any claim within it for failure to state a claim based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121-22 (9th 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

## III. ANALYSIS

The factual allegations against Almodova in Plaintiff's Amended Complaint are as follows:

> 63. KOLD was provided the information about Plaintiff's arrest by Sahuarita Lieutenant and Public Information Officer Samuel Almodova.
>
> 64. Almodova likened Plaintiff to a copycat mass shooter, and KOLD put the pernicious comparison in print.

(Doc. 30 at 6-7, ¶¶ 63-64.) As explained above, these factual allegations were alleged in support Plaintiff's claims for false light invasion of privacy and intentional infliction of emotional distress in violation of Arizona law. However, as Almodova points out, the Court dismissed Plaintiff's claims for false light invasion of privacy and intentional infliction of

emotional distress. (Doc. 29 at 18-19.) As also pointed out by the defense, Almodova is not alleged to have participated in Plaintiff's arrest, search, or prosecution that form the basis for Plaintiff's claims of false arrest, illegal search, and malicious prosecution under Arizona and federal law. *See* Doc. 30.

The Court agrees that Plaintiff has failed to plead sufficient facts alleged under a cognizable legal theory to state a plausible claim against Alomodova. *See Plunhoff v. Richard*, 572 U.S. 765, 134 S. Ct. 2012, 188 L. Ed. 2d 1056 (2014) ("An official sued under § 1983 is entitled to qualified immunity unless it is shown that the official violated a statutory or constitutional right that was "clearly established" at the time of the challenged conduct." quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 735, 131 S. Ct. 2074, 2080, 179 L. Ed. 2d 1149 (2011)) (internal quotations omitted); *Boisvert v. Lohan*, 617 Fed. Appx. 810 (9th Cir. 2015) (affirming dismissal of state law claims where the plaintiff failed to allege facts sufficient to state any claim upon which relief could be granted); *Foster v. Gentry*, 518 Fed.Appx. 594 (9th Cir. 2013) (affirming dismissal of Eighth and Fourteenth Amendment claims, conspiracy claims, § 1986 claims, and state law claims where the plaintiff failed to allege facts sufficient to support "any of these claims"). The Court finds that Almodova is entitled to dismissal from this action.

Plaintiff has already been granted leave to file an Amended Complaint. *See* Doc. 29. As explained above, the Amended Complaint fails to state a plausible claim against Almodova. Accordingly, the Almodova will be dismissed with prejudice. *See Murphy v. Coconino Co. Sheriff's Office*, No. CV-08-8089-PCT-DGC, 2009 WL 3219275, at *1 (D. Ariz. Oct. 6, 2009) (dismissing amended complaint with prejudice where the plaintiff was previously granted leave to amend, failed to cure deficiencies, and the plaintiff "ha[d] completely failed to allege any facts with respect to fourteen individual [d]efendants").

…

…

…

…

## IV. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED GRANTING** Defendant Samuel Almodova's Motion to Dismiss (Doc. 32). Defendant Samuel Almodova is dismissed from this action with prejudice.

Dated this 30th day of November, 2021.

_____
Honorable John C. Hinderaker
United States District Judge