**JELLISON LAW OFFICES, PLLC**
36889 North Tom Darlington Drive
Suite B7, Box 2800, #304
Carefree, AZ 85377
Telephone: (480) 659-4244
Facsimile: (480) 659-4255
E-mail: jim@jellisonlaw.com
JAMES M. JELLISON, ESQ. #012763
Attorney for Defendants Town of Sahuarita, John George, Joseph A. Rivera, Jess Villanueva, Shannon Collier, and Samuel Almodova[1] (referred to herein individually, or collectively as the "Sahuarita Defendants")

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Freedom Christopher Austin Pfaendler,<br><br>Plaintiff,<br>vs.<br><br>Town of Sahuarita, John George, Joseph A. Rivera, Jess Villanueva, Shannon Collier, and Samuel Almodova,<br><br>Defendants. | Case No.: 4:20-cv-00188-JGZ-PSOT<br><br>**DEFENDANTS GEORGE, RIVERA, VILLANUEVA, AND COLLIER'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE NOTICE OF CLAIM**<br><br>**(Oral Argument Requested)** |

Pursuant to Fed.R.Civ.P. 56, LRCiv. 56.1, and Doc. 38, ¶7(a), Defendants George, Rivera, Villanueva, and Collier, through undersigned counsel, hereby submit their Motion for Partial Summary Judgment on Plaintiff's remaining state law claims based on failure to strictly comply with service of the notice of claim. This Motion is supported by the attached Memorandum of Points & Authorities which is incorporated herein by this reference, and the accompanying Statement of Facts.

## **MEMORANDUM OF POINTS & AUTHORITIES**

On April 30, 2020, Plaintiff filed his Complaint against the Sahuarita Defendants. The Complaint contained constitutional claims alleging Fourth Amendment false arrest, illegal search,

---

[1] Almodova has been dismissed from this action. Doc. 35.

and malicious prosecution, and Fifth and Fourteenth Amendment malicious prosecution and failure to conduct a reasonably thorough investigation. (Doc. 1, Counts I-V).  The Complaint also alleged several state law claims including failure to train and/or supervise, false arrest, malicious prosecution, defamation, intentional infliction of emotional distress, and *respondeat superior* liability as to the Town.  (Doc. 1, Counts VI-XI).

Defendants filed their Motion to Dismiss, which was granted by this Court with leave to amend. (Docs. 18, 26).  On September 27, 2021, Plaintiff filed a First Amended Complaint which contained, in addition to federal constitutional claims, state law claims for 1) false arrest (Count VII); 2) malicious prosecution (Count VIII); and 3) general vicarious liability pursuant to the doctrine of *respondeat superior* (Count XI).   (Doc. 30, pgs. 11-13).  Plaintiff's Notice of Claim, however, lists the Sahuarita Defendants without addresses, and shows only receipt by the Town Law Department.  *See,* Separate Statement of Facts filed herewith.  The only affidavit provided by Plaintiff shows service upon the Town only, through service on the Town Clerk.  *Id.*  The Affidavit, on its face, does not purport to show service on Defendants George, Rivera, Villanueva, or Collier.  Because the Notice and Affidavit do not show compliant service on any individual Defendant they are insufficient to demonstrate that Plaintiff has strictly complied with Arizona's Notice of Claim statute at A.R.S. § 12-821.01(A) as to notice of claim service on Defendants George, Rivera, Villanueva, or Collier.

In its Scheduling Order at Doc. 38, ¶7(a), this Court allowed the Sahuarita Defendants to submit an early Rule 56 motion on the notice of claim service issue, without forfeiting a later motion for summary judgment.   They do so here.

**I.     STANDARD OF REVIEW.**

Summary judgment is proper where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). Rule 56(a) mandates summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will

bear the burden of proof at trial." *See, Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). "A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact." *Soremekun v. Thrifty Payless, Inc.,* 509 F.3d 978, 984 (9th Cir. 2007), citing *Celotex,* 477 U.S. at 323. "When the moving party has carried its burden under Rule 56(a) its opponent must do more than simply show that there is some metaphysical doubt as to the material facts [and] come forward with specific facts showing that there is a *genuine issue for trial.*" *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 586–87 (1986).

The notice of claim statute places the burden on the claimant to show a statutorily compliant notice of claim. *See, e.g., Drew v. Prescott Unified Sch. Dist.,* 233 Ariz. 522, 526 (2013).

## I.     STATEMENT OF FACTS MATERIAL TO THIS MOTION

On or about December 31, 2019, the Town of Sahuarita Department of Law received a Notice of Claim on behalf of Freedom C.A. Pfaendler dated December 29, 2019. (Defendants' Statement of Fact "DSOF" 1). The Notice of Claim had been served on the "Town of Sahuarita" only through its Sahuarita Town Clerk. (DSOF 2). The Certificate of Service of Private Process Server does not purport to claim service on any individual Defendant. (DSOF 3). Although the Notice of Claim contains the names of Defendants George, Rivera Villanueva, and Collier, it does not contain any address of delivery for any of these named individual Defendants. (DSOF 4).

## II.    LEGAL ANALYSIS.

To maintain any state law claim against individual Defendants George, Rivera, Villanueva, and Collier, Plaintiff must show each of them received Rule 4 service of a conforming notice of claim no later than February 3, 2020 - the 180th day after the alleged August 6, 2019 interaction with law enforcement. *See,* A.R.S. § 12-821.01. Plaintiff has not,

and cannot, show the strict statutory compliance necessary to maintain his state law claims against the individual Defendants as Plaintiff has provided service on the Town only.

A.R.S. § 12-821.01 provides, in part, that "[p]ersons who have claims against a public entity or a public employee shall file claims with the person or persons authorized to accept service for the public entity or public employee as set forth in the Arizona rules of civil procedure within one hundred eighty days after the cause of action accrues."  This means that where a claimant wishes to bring suit against both a public entity and public employee, the notice of claim must be directed and served on the public employee, or else the notice is not effective as to the individual public employee. *Crum v. Superior Court in and for the County of Maricopa*, 186 Ariz. 351, 353 (App. 1996).  "A claimant who asserts that a public employee's conduct giving rise to a claim for damages was committed within the course and scope of employment must give notice of the claim to *both* the employee individually and to his employer." *Id., citing Johnson v. Superior Court,* 158 Ariz. 507, 509 (App.1988).

If a Notice of Claim is not properly maintained within the statutory time limits, a plaintiff's claim is barred by statute. *See, e.g., Falcon ex. rel. Sandoval v. Maricopa County*, 213 Ariz. 525, 528 (Ariz. 2006).  Arizona's notice of claim statute originally contained an exception for "excusable neglect," which provided claimants some flexibility in complying with the procedural requirements.  In 1994, however, the Arizona Legislature amended the statute to remove the exception of "excusable neglect."  A.R.S. 12-821.01; *see Simon v. Maricopa Med. Ctr.*, 225 Ariz. 55, 62 (App. 2010).  Following this amendment, "actual notice and substantial compliance do not excuse failure to comply with the statutory requirements of A.R.S. 12-821.01(A)." *Falcon,* 213 Ariz. at 527.  Substantial compliance is now insufficient. *Simon,* 225 Ariz. at 61-62.  Post-amendment, courts have consistently required *strict* compliance with the notice of claim statute as a prerequisite to filing suit.  *See, Simon, supra.;*

*Chen v. Maricopa County*, 2013 WL 1045484 (D. Ariz. 2013) (noting that substantial compliance is insufficient to satisfy the requirements of A.R.S. § 12-821.01).

The resolution of the issues, in light of the facts of this case, is found in *Simon*. In *Simon*, the plaintiff sued the City of Phoenix and seven individual police officers. Relying on an informational packet provided by the City of Phoenix to the superior court, the plaintiff served the clerk of the City of Phoenix, but did not personally serve the individual officers with his notice of claim. 225 Ariz. at 60. The individual officers moved to dismiss the complaint on the grounds that they were not properly served with a notice of claim as required by A.R.S. § 12-821.01. *Id.* at 58. The plaintiff asserted his claims should not be dismissed because he served an agent of the officers, and, in any event, substantially complied with the notice of claim statute by serving the City of Phoenix and because the officers had actual notice of his claims. *Id.* at 61-62. The Court of Appeals held the plaintiff's substantial compliance with the statute was insufficient in light of the 1994 amendment to the statute, which required strict compliance. *Id.; accord Peck v. Hinchey*, 2014 WL 10987731 (D. Ariz. 2014), *affirmed and reversed on other grounds, Peck v. Hinchey,* 655 Fed.Appx. 534 (9th Cir. 2016). In other words, because the plaintiff executed service of the notice of claim on the city only, and did not execute service of process on the individual officers, the court of appeals affirmed summary judgment in favor of the individual officers. *Simon,* 225 Ariz. at 62.

Here, Plaintiff served his notice of claim on the Town only.  (Defendants' Statement of Facts 1-3). For that reason, the same conclusion reached in *Simon* and *Peck* must be reached as to Officers George, Rivera, Villanueva, or Collier.

**III.    CONCLUSION.**

For all of the reasons cited above, Officers George, Rivera, Villanueva, and Collier are entitled to judgment in their favor on Plaintiff's state law claims at Counts VII, VIII, and XI.

DATED this 18th day of February, 2022.

JELLISON LAW OFFICES, PLLC


By: s/ James M. Jellison
*Attorneys for the Sahuarita Defendants George, Rivera, Villanueva, and Collier*

CERTIFICATE OF FILING AND SERVICE

I hereby certify that on February 18, 2022, I electronically transmitted the attached document to the Clerk's office using the CM/ECF system for filing and transmittal of a Notice of Electronic filing to the following registrants or by U.S. and electronic mail if not a registrant:

Richard Wintory
1 South Church Avenue, Ste. 1200
Tucson, Arizona 85701
Richard.Wintory@nextchapterlaw.com
*Attorney for Plaintiff*

s/Valerie Hall

6