IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Freedom Christopher Austin Pfaendler,<br><br>Plaintiff,<br><br>v.<br><br>Town of Sahuarita, et al.,<br><br>Defendants. | No. CV-20-00188-TUC-JCH<br><br>**ORDER** |

Before the Court is Defendants George, Rivera, Villanueva, and Collier's Motion for Partial Summary Judgment Re Notice of Claim (Doc. 41).[1] No opposition has been filed and the time for filing an opposition has passed. As explained below, the motion will be granted in part.

**I.   Background**

This action arises out of alleged events that occurred at a Walmart in Sahuarita, Arizona on August 6, 2019, between Plaintiff and Town of Sahuarita Police officers. (Doc. 30 at ¶ 17.) On September 27, 2021, Plaintiff filed his First Amended Complaint alleging, *inter alia*, state law claims of false arrest (Count VII) and malicious prosecution (Count VIII) against Town of Sahuarita police officers John George ("George"), Joseph Rivera ("Rivera"), Jess Villanueva ("Villanueva") and Shannon Collier ("Collier") in their individual and official capacities. *Id.* at pp. 2, 11. The First Amended Complaint also

---

[1] Defendants' request for oral argument is denied as the Court finds that oral argument would not aid it in its decision. *See* Fed. R. Civ. P. 78 (district court may decide motions without oral argument).

asserts a vicarious liability claim (Count XI) against the Town of Sahuarita based on the individual officer Defendants' alleged conduct. (Doc. 30 at pp. 12-13.)

Defendants George, Rivera, Villanueva, and Collier request judgment on the state law claims (Counts VII, VIII and XI). (Doc. 41 at 5.) They argue that Plaintiff failed to personally serve them with a notice of claim as required by Ariz. Rev. Stat. § 12-821.01(A) and that such failure requires dismissal of the state law claims alleged against them. *Id*. at 3-5.

## II.     Legal Standard

Summary judgment is proper where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## III.    Analysis

As mentioned above, Plaintiff has failed to respond to Defendants' motion and the time for filing a response has elapsed. This Court is not required to grant summary judgment when a non-movant fails to respond to a movant's motion for summary judgment even in light of Rule 7.2 of the Local Rules of Civil Procedure.[2] *See Joe Hand Promotions, Inc. v. Donaldson*, No. CV-14-02042-PHX-JAT, 2016 WL 3269723, at *3 (D. Ariz. June 15, 2016) (citing *Finkle v. Ryan*, No. CV-14-01343-PHX-DGC, 2016 WL 1241878, at *3 (D. Ariz. Mar. 30, 2016) (finding that plaintiff's failure to respond to defendant's motion for summary judgment did not warrant granting the motion despite Local Rule of Civil Procedure 7.2(i))). In this circuit, the local rules "cannot provide a valid basis for granting a motion for summary judgment where the motion is unopposed, as Federal Rule of Civil

---

[2] Rule 7.2(i), LRCiv, provides in relevant part, "If…counsel does not serve and file the required answering memoranda…such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily." *See* LRCiv 7.2(i).

Procedure 56 'authorizes the court to consider a fact as undisputed,' but does not allow the court to grant summary judgment by default." *Joe Hand Promotions, Inc.*, 2016 WL 3269723, at *3 (quoting *Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013)). In light of the foregoing, the Court will consider the merits of Defendants' motion recognizing that it may only grant summary judgment if it finds there is no genuine issue as to any material fact.

Arizona's notice of claim statute, Ariz. Rev. Stat. § 12-821.01(A), provides, in relevant part:

> Persons who have claims against a public entity, public school or public employee shall file claims with the person or persons authorized to accept service for the public entity, public school or public employee as set forth in the Arizona rules of civil procedure within one hundred eighty days after the cause of action accrues…Any claim that is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon.

Ariz. Rev. Stat. § 12-821.01(A). Rule 4.1(d), Ariz. R. Civ. P., requires a plaintiff to deliver a notice of claim to a public employee personally, an individual of suitable age and discretion residing with the public employee, or the public employee's appointed agent in order to perfect his claims against a public employee. *See* Ariz. R. Civ. P. 4.1(d).

"Arizona courts have made clear that '[w]hen a person asserts claims against a public entity and public employee, the person must give notice of the claim to *both* the employee individually and to his employer.'" *Hughes v. Kisela*, No. CV-11-00366-TUC-FRZ, 2012 WL 1605904, at *2 (D. Ariz. May 8, 2012) (quoting *Harris v. Cochise Health Sys.*, 160 P.3d 223, 231 (Ariz. App. 2007)) (italics in *Hughes*) (additional citations and internal quotations omitted). *See also Simon v. Maricopa Med. Ctr.,* 234 P.3d 623, 629 (Ariz. App. 2010) (holding that the plaintiff was required to deliver a notice of claim to the defendant officer personally, an individual of suitable age and discretion residing with the officer or the officer's appointed agent in order to perfect a claim against individual officer); *Johnson v. Superior Court, Cnty. of Pima*, 763 P.2d 1382, 1384 (Ariz. App. 1988) (holding that Ariz. Rev. Stat. § 12-821(A) unambiguously requires that notice be given to

both the public employee and the public entity for claims arising from acts or omissions committed or allegedly committed by the employee within the scope of his or her employment). "[S]trict compliance with [Ariz. Rev. Stat.] § 12-821.01(A) is required and substantial compliance is insufficient." *Hughes*, 2012 WL 1605904, at *2 (quoting *Simon*, 234 P.3d at 630). *See also Stuart v . Cty of Scottsdale*, No. CV-20-00755-PHX-JAT, 2021 WL 3675220, at *2 (D. Ariz. Aug. 19, 2021) (recognizing that actual notice and substantial complaince do not excuse failure to comply with the statutory requirements of Ariz. Rev. Stat. § 12-821.01(A)).

Here, Plaintiff was required to serve his notice of claim no later than February 3, 2020—180 days after August 6, 2019, the date of the alleged events giving rise to Plaintiff's claims. The individual officer Defendants present evidence that on or about December 31, 2019, the Town of Sahuarita Department of Law was served with a notice of claim on Plaintiff's behalf. (Doc. 42 at ¶ 1.) The notice of claim was served on the Town Clerk. *Id*. at ¶ 2; Doc. 42-2 at p. 2. The notice of claim contains the names of Defendants George, Rivera, Villanueva, and Collier but it does not contain any addresses for these Defendants. *Id*. at 4; Doc. 42-1 at p. 2. The record contains no evidence that each individual officer Defendant was served with the notice of claim in accordance with Rule 4 of the Arizona Rules of Civil Procedure.

In light of the foregoing, the Court finds that there is no dispute that Defendants George, Rivera, Villanueva, and Collier were not served with Plaintiff's notice of claim as required by Ariz. Rev. Stat. § 12-821.01(A). The individual officer Defendants are entitled to judgment in their favor on the state law claims alleged in Counts VII and VIII of the First Amended Complaint.

The individual officer Defendants also seek summary judgment on Plaintiff's state law vicarious liability claim (Count XI). *See* Doc. 41 at 5. Plaintiff's vicarious liability claim is a claim against Defendant Town of Sahuarita based upon the individual officer Defendants' alleged conduct. *See* Doc. 30 at ¶¶ 126-128. As a general rule, summary judgment against an agent requires summary judgment against her principal on a vicarious

liability claim. *See Hansen v. Garcia, Fletcher, Lund & McVean*, 713 P.2d 1263, 1265-66 (1985).

However, on the record before the Court it is unclear whether the Town of Sahuarita is permitted to avoid liability because of Plaintiff's failure to serve the individual officer Defendants with his notice of claim when the Town of Sahuarita was itself served with Plaintiff's notice of claim. Recently, in *Banner Univ. Med. Cntr. Tucson Campus, LLC v. Gordon*, 502 P.3d 30, 31 (2022), the Arizona Supreme Court held that the trial court's dismissal of the defendant physician-employees for want of service of a notice of claim pursuant to Ariz. Rev. Stat. § 12-821.01(A) was not a final judgment on the merits and therefore did not have a preclusive effect on the plaintiffs' vicarious liability claim against defendant hospital-employer. Because it reached its decision on procedural grounds, the Arizona Supreme Court did not address the underlying merits of whether a dismissal of an employee pursuant to Ariz. Rev. Stat. § 12-821.01 precludes a claim of vicarious liability against an employer. *Id.* at n.2.

This issue was not addressed in Defendants' motion. The Town of Sahuarita did not join in the individual officer Defendants' motion nor has it filed its own motion.[3] The Court finds that Defendant Town of Sahuarita is not a movant, and even if the Court considered it a movant, the Court finds that it has failed to meet its burden of establishing that it is entitled to judgment as a matter of law on the vicarious liability claim. The Court will not dismiss the vicarious liability claim at this juncture.

**IV.  Conclusion**

For the foregoing reasons,

**IT IS HEREBY ORDERED GRANTING IN PART** Defendants George, Rivera, Villanueva, and Collier's Motion for Partial Summary Judgment Re Notice of Claim (Doc. 41). Defendants George, Rivera, Villanueva, and Collier are entitled to entry of judgment in their favor on the state law claims alleged in Counts VII and VIII of the First Amended

---

[3] The Court recognizes that all Defendants are represented by the same counsel. (Doc. 15.) However, the instant motion is explicitly brought by the individual officer Defendants George, Rivera, Villanueva, and Collier. (Doc. 41.)

Complaint. Plaintiff's vicarious liability claim (Count XI) against the Town of Sahuarita remains.

Dated this 28th day of March, 2022.

_____
Honorable John C. Hinderaker
United States District Judge